IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES A. SIMMONS ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| ) | |
| PORTFOLIO RECOVERY ) | |
| ASSOCIATES LLC, and ) | Jury Trial Demanded |
| YVETTE M. STEPHEN, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' numerous and multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

### PARTIES

4. Plaintiff James A. Simmons (hereinafter "Plaintiff") is a natural person who resides in Knox County, Tennessee, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Portfolio Recovery Associates, LLC (hereinafter "Defendant Portfolio") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and a for-profit limited

1

liability company organized in Delaware, and may be served through its agent for service of process at National Registered Agents, Inc., 2300 Hillsboro Road, Suite 305, Nashville, TN 37212.

6. Defendant Portfolio is engaged in the business of purchasing charged-off consumer debts and attempting to collect them from consumers.

7. Defendant Portfolio pays less than five (5) cents on the dollar for the debts it purchases.

8. Defendant Portfolio intentionally makes a business decision not to obtain a copy of the written contracts signed by consumers or other evidence of the alleged debt when purchasing charged-off consumer debts or prior to filing state court collection lawsuits against consumers.

9. Defendant Yvette M. Stephen (hereinafter "Defendant Stephen") is a natural person who is employed by Defendant Portfolio or an agent of Defendant Portfolio as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and may be served at her business address of Portfolio Recovery Associates, LLC, 120 Corporate Blvd., Suite 100, Norfolk, VA 23502, or her home address.

## FACTUAL ALLEGATIONS

10. Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card debt originally owed to or serviced by MBNA / Bank of America (hereinafter "MBNA"), in the amount of $4,081.31, plus prejudgment interest from time of assignment, costs and post judgment interest.

11. Sometime prior to June 17, 2010, Plaintiff's debt was consigned, sold or otherwise transferred to Defendants for collection from Plaintiff.

12. Defendant Portfolio did not maintain procedures reasonably adapted to avoid misrepresenting the amount of debt allegedly owed in the state court collection lawsuit.

*Use of False, Deceptive and Misleading Warrant to Collect Debt*

13. Within one year prior to the filing of this Complaint, on or about June 17, 2010, a Civil Warrant filed in the General Sessions Court of Knox County, Tennessee was caused to be served on Plaintiff by Defendant Portfolio. A copy of the June 17, 2010 collection lawsuit is filed as Collective Exhibit 1 to this Complaint.

14. On December 14, 2010, Plaintiff James A. Simmons filed a Sworn Denial in the state court collection lawsuit stating that he had not entered into any agreement with Defendant Portfolio for the repayment of debt or otherwise.

15. The collection lawsuit contained both a Civil Warrant and a sworn Affidavit.

16. The Civil Warrant was a "communication" as defined by 15 U.S.C. § 1692a(2) and was made in connection with collection of the debt and in an attempt to collect the debt.

17. The Civil Warrant stated that the amount due on the debt was $4,081.31, plus prejudgment interest from time of assignment, costs and post judgment interest. See Exhibit 1, p. 1.

18. The Affidavit was a "communication" as defined by 15 U.S.C. § 1692a(2), and was made in connection with collection of a debt and in an attempt to collect a debt.

19. The sworn Affidavit stated that the amount due was $4,081.31, after all known payments, counterclaims, and/or setoffs subsequent to the date of sale. See, Exhibit 1, p. 2, ¶ 5.

20. Both the Civil Warrant and the sworn Affidavit were filed by Defendants against Plaintiff in connection with collection of a debt and in an attempt to collect a debt.

21. Defendant Portfolio did not have a copy of the written contract signed by Plaintiff prior to the preparation, filing, and serving the Civil Warrant on Plaintiff, and, almost a year after the filing of the lawsuit, have still not provided a copy to Plaintiff.

22. "[W]ithout a written contract signed by Defendant, . . . [Plaintiff] may not recover attorney's fees or a contract rate of interest." *Discover Bank v. Henson*, 2008 WL 5272530 at *3, December 18, 2008 (Tenn. Ct. App) (*perm. app. den*. Sup. Ct., June 15, 2009) (quoting, *Holcomb v. Cagle*, 277 S.W.3d 393, 397-98 (Tenn. Ct. App. 2008) (*perm. app. den*. Sup. Ct., December 15, 2008)).

23. The amount of $4,081.31, plus prejudgment interest from time of assignment, costs and post judgment interest, represented by Defendant Portfolio in the Civil Warrant as allegedly owed by Plaintiff included interest accrued at a rate of interest exceeding the maximum interest rate of 10% per annum allowed under Tennessee law for unwritten contracts.

24. The amount of $4,081.31, plus prejudgment interest from time of assignment, costs and post judgment interest, represented by Defendant Portfolio as owed by Plaintiff included principal which had not been correctly reduced due to misapplication of payments to the balance owed as a result of the addition of interest at a rate exceeding the maximum interest rate of 10% per annum allowed under Tennessee law for unwritten contracts.

25. Defendant Portfolio intentionally made a business decision not to obtain and review a copy of the written contract signed by Plaintiff or other evidence of the alleged debt prior to filing the Civil Warrant to determine if Defendant Portfolio was entitled to the amount

of debt claimed as owed in the Civil Warrant or whether Plaintiff actually owed the debt at all, but to rely on other parties for this information.

26. Defendant Portfolio's business decision to rely entirely on MBNA or an assignee of MBNA's as to the amount of debt allegedly owed by Plaintiff or the fact that Plaintiff owed the debt at all without reviewing a copy of the written contract signed by Plaintiff or other evidence of the alleged debt was not a procedure reasonably adapted to avoid using a deceptive or misleading representation or means in connection with collection of the debt.

27. By making a business decision to not obtain a copy of the written contracts signed by consumers or other evidence of the alleged debt when purchasing charged-off consumer debts or prior to filing a state court collection lawsuit, Defendant Portfolio intentionally used a deceptive and misleading representation in connection with collection of the debt as to the amount of debt allegedly owed by Plaintiff and fact that Plaintiff owed the alleged debt at all.

28. By using the deceptive and misleading representations or means in connection with collection of the debt by stating in the Civil Warrant that Defendant Portfolio was entitled to (a) interest accrued at a rate exceeding the maximum interest rate of 10% per annum allowed under Tennessee law for unwritten contracts and (b) principal which had not been correctly reduced due to misapplication of payments on the balance owed as a result of the addition of interest at a rate exceeding the maximum interest rate of 10% per annum allowed under Tennessee law for unwritten contracts, both not expressly authorized by the agreement creating the debt or permitted by law, Defendant Portfolio falsely represented the character, amount and legal status of the debt in violation of 15

U.S.C. § 1692e(2)(A), and the false representation of the character, amount or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

29. By filing the Civil Warrant with the use of deceptive and misleading representations or means in connection with collection of the debt while unreasonably relying on MBNA or an assignee of MBNA as to the amount of debt allegedly owed by Plaintiff or the fact that Plaintiff owed the debt at all and without reviewing a copy of the written contract signed by Plaintiff or other evidence of the alleged debt, Defendant Portfolio communicated credit information to the General Sessions Court, the general public, and the Plaintiff, which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8).

30. By attempting to collect amounts (principal and interest) not expressly authorized by the agreement creating the debt or permitted by law, Defendants violated 15 U.S.C. § 1692f(1).

31. The statement in the Civil Warrant that Plaintiff owed $4,081.31, plus prejudgment interest from time of assignment, costs and post judgment interest, was an amount based on a business decision not to obtain a copy of the written contracts signed by consumers or other evidence of the alleged debt prior to filing state court collection lawsuits against them and was the use of deceptive and misleading representations or means in connection with collection of a debt that would create a false impression in the mind of the least sophisticated consumer that Defendant Portfolio had attempted to properly calculate the amount owed prior to filing the Civil Warrant, when Defendant Portfolio had intentionally made no effort to do so, and the amount of debt alleged as owed was not

authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

### *Use of False, Deceptive and Misleading Affidavit to Collect Debt*

32. An affidavit filed in support of a civil warrant on a sworn account is filed to attest to the correctness of the amount owed on the account. Tenn. Code Ann. § 24-5-107(a).

33. Defendant Stephen, who authored the Affidavit, swore under penalty of perjury that the following statements were true and correct:

    (a) "I am an authorized employee of [Defendant Portfolio] . . . , and I am authorized to make the statements, representations and averments herein, and do so based on personal knowledge and a review of the business records of [Defendant Portfolio] and those account records transferred to [Defendant Portfolio] from [MBNA], which have become a part of and have integrated into [Defendant Portfolio's] business records, <u>in the ordinary course of business</u>." (underline added)

    (b) "According to the business records, which are maintained <u>in the ordinary course of business</u>, the account, and all proceeds of the account are now owned by [Defendant Portfolio], all of [MBNA's] interest in such account having been sold, assigned, and transferred by [MBNA] on May 9, 2007. (underline added)

    (c) "According to the account records transferred to [Defendant Portfolio] from [MBNA], and maintained <u>in the ordinary course of business</u>, there was due and payable from JAMES A SIMMONS ("Debtor") to [MBNA] the sum of $4,081.31 with the respect of account number (************6456), as of May 9, 2007 with there being no known un-credited payments, counterclaims or offsets against the said debt as of the date of the sale." (underline added)

(d) "According to the account records of [Defendant Portfolio], after all known payments, counterclaims, and/or setoffs occurring subsequent to the date of sale, there is currently due and owing the sum of $4,081.31."

34. Defendant Stephen did not review any records of the originator of the debt or make any effort to determine if there was a contract signed by Plaintiff and, if so, whether the amount of the debt as to principal, interest, late fees or other fees she alleged was owed by Plaintiff in the Affidavit was correct, prior to signing the Affidavit.

35. The reason Defendant Stephen did not review any records of the originator of the debt or make any effort to determine if there was a contract signed by Plaintiff and, if so, whether the amount of the debt as to principal, interest, late fees or other fees she alleged was owed by Plaintiff in the Affidavit was correct, prior to signing the Affidavit was because Defendant Portfolio made a business decision not to obtain any records of the originator of the debt that would have allowed her to make this determination.

36. The only records held by Defendant Portfolio at the time Defendant Stephen signed the sworn Affidavit were computer records which contained very limited information about Plaintiff and his alleged debt.

37. The only records that Defendant Stephen was able to review prior to signing the sworn Affidavit were the limited computer records obtained by Defendant Portfolio from MBNA or an assignee of MBNA.

38. Without any records of the originator of the debt available for her review to determine if there was a contract signed by Plaintiff and, if so, whether the amount of the debt as to principal, interest, late fees or other fees she alleged was owed by Plaintiff in the Affidavit was correct as required by Tennessee state law for a sworn account, it was

impossible for Defendant Stephen to truthfully make a sworn affidavit as to the correctness of the amount owed, if any, by Plaintiff.  See, *Foster v. Scott County*, 65 S.W. 22 (Tenn., 1901) ("The statute is plain that the correctness of the account must be sworn to by the plaintiff. It does not say nor imply that the oath may be made by a bookkeeper or salesman or agent of any kind. If the plaintiff cannot, for want of proper information, make the oath himself, then he does not bring himself within the provisions of the act, and is not entitled to its benefit, but must prove his account as in other cases. We cannot extend or enlarge the terms of the statute to let in the sworn ex parte statement of a third person, no matter what may be his means or the extent of his information, nor how much such a holding may be desirable." *Id* at 23.)

39. Form affidavits, such as the one filed in the state court lawsuit against Plaintiff, are generated automatically by a computer owned by Defendant Portfolio upon request and are routinely provided to Defendant Stephen who signs numerous affidavits each day without the information or ability to make a sworn affidavit as to the correctness of the amount owed, if any, by Plaintiff, within the requirements of Tennessee state law.

40. The intentional use by Defendant Portfolio of the form affidavits when their use is clearly in violation of the state law requirements for sworn accounts is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and is an unfair means to collect or attempt to collect the debt in violation of 15 U.S.C. § 1692f.

41. The statements in Defendant Stephen's Affidavit, including, but not limited to:

    (a) She reviewed "the business records of . . . [Defendant Portfolio] . . . which have become integrated into [Defendant Portfolio's] business records, in the ordinary course of business";

    (b) "According to the business records, which are maintained in the ordinary course of business"; and

    (c) "According to the account records . . . maintained in the ordinary course of business by [Defendant Portfolio]",

    was the regurgitation by Defendants of language from the Tennessee Rules of Evidence, Rules 803(6) and 902(11), in an intentional attempt to mislead the General Sessions Court and Plaintiff into believing that Defendant Stephen was someone who had personal knowledge of the amount of debt allegedly owed by Plaintiff and that Plaintiff, in fact, owed the debt, when it was not possible for her to have such personal knowledge, and that this evidence should be admitted under the "Business Records" exception to the introduction of heresay evidence.

42. Defendant Portfolio intentionally filed the state court collection lawsuit against Plaintiff in an attempt to collect the debt using a false, deceptive and misleading Affidavit as the only evidentiary basis to support its claims.

43. The intentional use by Defendant Portfolio of the false, deceptive and misleading Affidavit in connection with collection of the debt was not a procedure reasonably adapted to avoid violating the FDCPA in their attempts to collect the alleged debt from Plaintiff.

44. The attestations made by Defendant Stephen in the Affidavit regarding the debt, including, but not limited to the amount of the debt owed by Plaintiff, and "there being no known un-credited payments, counterclaims or offsets against the said debt" were false, deceptive and misleading misrepresentations made without the information or ability to make a sworn affidavit as to the correctness of the amount owed, if any, by Plaintiff as required by Tennessee law, in violation of 15 U.S.C. § 1692e(2)(A), and the false representation of the character, amount or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and is an unfair means to collect or attempt to collect the debt in violation of 15 U.S.C. § 1692f.

45. Defendant Portfolio engages in a pattern and practice of filing lawsuits knowingly using false, deceptive, and misleading affidavits signed by persons without the information or ability to make a sworn affidavit as to the correctness of the amount owed by consumers, as required under Tennessee state law for sworn accounts.

46. Defendant Portfolio intentionally uses virtually identical form affidavits in these lawsuits, alleging facts that are not in possession of Defendant Portfolio to which its officers, employees and/or agents are not qualified to sign under oath due to their lack of proper information.

47. By filing the state court collection lawsuit against Plaintiff in an attempt to collect the debt while knowingly using the false, deceptive, and misleading Affidavit signed by Defendant Stephen which alleged facts not in her possession and in violation of Tennessee state law, Defendant Portfolio violated 15 U.S.C. § 1692e(5), and the threat to

take any action that cannot legally be taken is the use of a false, misleading and deceptive representation or means to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

48. By filing the state court collection lawsuits against consumers in an attempt to collect the debt with the use of affidavits that contains false, deceptive and misleading misrepresentations made by individuals who allege facts not in their possession and in violation of Tennessee state law, Defendant Portfolio uses false, deceptive, and misleading representation or means in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer that Defendants had the legal right to attempt to collect the debt in the manner in which they attempted to collect it, in violation of 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

49. Defendant Portfolio did not have a copy of the written contract signed by Plaintiff or other evidence as to the amount of debt allegedly owed by Plaintiff or the fact that Plaintiff owed the debt at all prior to filing the Affidavit.

50. The amount of $4,081.31 represented in the Affidavit by Defendant Stephen as owed by Plaintiff included interest accrued at a rate exceeding the maximum interest rate of 10% per annum allowed under Tennessee law for unwritten contracts.

51. The amount of $4,081.31 represented by Defendant Stephen as owed by Plaintiff included principal which had not been correctly reduced due to misapplication of payments to the balance owed as a result of the addition of interest at a rate exceeding the maximum interest rate of 10% per annum allowed under Tennessee law for unwritten contracts.

52. Defendant Stephen intentionally chose not to review a copy of the written contract signed by Plaintiff or other evidence as to the amount of debt allegedly owed by Plaintiff or the fact that Plaintiff owed the debt at all, prior to executing the sworn Affidavit.

53. By using the deceptive and misleading representations or means in connection with collection of the debt by stating in the sworn Affidavit that Defendant Portfolio was entitled to (a) interest which exceeded the maximum interest rate of 10% per annum allowed under Tennessee law for unwritten contracts, and (b) principal which had not been correctly reduced due to misapplication of payments to the balance owed as a result of the addition of interest at a rate exceeding the maximum interest rate of 10% per annum allowed under Tennessee law for unwritten contracts, Defendants falsely represented the character, amount and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A), and the false representation of the character, amount or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

54. By using false, deceptive, and misleading representations in connection with collection of the debt by filing the false, deceptive, and misleading Affidavit which stated the amount owed by Plaintiff was $4,081.31, Defendants communicated credit information to the General Sessions Court, the general public, and Plaintiff, which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8).

55. By attempting to collect amounts (principal and interest) not expressly authorized by the agreement creating the debt or permitted by law, Defendants violated 15 U.S.C. § 1692f(1).

56. The statement in the sworn Affidavit that Plaintiff owed $4,081.31, when Defendant Stephen had made an intentional decision not to review a copy of the written contract signed by Plaintiff or other evidence as to the amount of debt allegedly owed by Plaintiff or the fact that Plaintiff owed the debt at all, prior to execution of the Affidavit, was the use of deceptive and misleading representations or means in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer that Defendants had attempted to properly calculate the amount owed prior to filing the Affidavit, when Defendants had intentionally made no effort to do so, in violation of 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

57. The attestations made by Defendant Stephen in the Affidavit regarding the debt, including, but not limited to the balance of the debt owed by Plaintiff, were misrepresentations made without any personal knowledge as to the truth of the statements in violation of 15 U.S.C. § 1692e(2)(A), and the false representation of the character, amount or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and is an unfair means to collect or attempt to collect the debt in violation of 15 U.S.C. § 1692f.

*Summary*

58. The above-detailed conduct by Defendants in connection with collection of the debt and in an attempt to collect the debt was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

### *Respondeat Superior Liability*

59. In addition to her individual liability under the FDCPA, the acts and omissions of Defendant Stephen as an agent for Defendant Portfolio and who communicated with Plaintiff as more further described herein, were committed within the time and space limits of her agency relationship with her principal, Defendant Portfolio.

60. The acts and omissions by Defendant Stephen were incidental to, or of the same general nature as, the responsibilities she was authorized to perform by Defendant Portfolio in collecting consumer debts.

61. By committing these acts and omissions against Plaintiff, Defendant Stephen was motivated to benefit her principal, Defendant Portfolio.

62. Defendant Portfolio is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by the debt collectors employed as agents by Defendant Portfolio including, but not limited to violations of the FDCPA, in their attempts to collect the debt from Plaintiff.

### **TRIAL BY JURY**

63. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

### **CAUSES OF ACTION**

### **COUNT I.**

### **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

### **15 U.S.C. §§ 1692** *et seq.*

64. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

65. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, with respect to Plaintiff.

66. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

06/17/11	Respectfully submitted,

**JAMES A. SIMMONS**

_____
Alan C. Lee, Esq., BPR # 012700
Attorney for Plaintiff
P. O. Box 1357
Talbott, TN 37877-1357
(423) 736-0201
info@alanlee.com