# CIVIL SUMMONS
## STATE OF TENNESSEE, COUNTY OF KNOX    5th Sessions Court

To Any Lawful Officer to Execute and Return: Summon JAMES A SIMMONS
To appear before the General Sessions Court of Knox County, Tennessee, on the July 21, 2010, at :9:00 AM, then and there to answer in a civil action brought by Portfolio Recovery Associates, LLC as assignee of MBNA AMERICA BANK / BANK OF AMERICA in the amount of $4,081.31, plus prejudgment interest from time of assignment, costs and post judgment interest. An amount under $25,000 ***Please see Pleading Addendum accompanying this Summons***
**Old Courthouse corner of Gay Street & Main Street 3rd Floor Room 331 5th Sessions Courtroom**

## JUDGMENT

Judgement for _____ against _____ for $ _____
Plus interest at the rate of _____ % and cost of suit, for which execution may issue.

Judgment entered by:   Default ☐   Agreement ☐   Trial ☐

Dismissed:    Without prejudice ☐    With prejudice ☐

Cost taxed to:    Plaintiff ☐    Defendant ☐

Defendants _____ in Court and admitted to jurisdiction of court. This the _____ day of _____, 2010.

_____ Judge, Div.

## ORDER

This the _____ day of _____, 2010.

_____ Judge, Div.

This communication is from a debt collector and an attempt to collect a debt. Any information obtained will be used for that purpose.
09-14664

---

**DOCKET NUMBER** 79226G

Portfolio Recovery Associates, LLC                      Plaintiff(s)
vs.
JAMES A SIMMONS                                         Defendant
517 E MEADECREST DR, KNOXVILLE TN 37923    Address

_____ Defendant
_____ Address

_____ Defendant
_____ Address

## CIVIL WARRANT
### Court of General Sessions
Catherine F. Quist, Clerk

By _____ Deputy Clerk
Issued 6-17, 2010
Set for August 25, 2010 at :9:00 AM.
Reset for _____

Served upon: All Defendants Except All Name Defendants

Served _____
Served by: Sheriff/Constable (Process Server)

Attorney for Plaintiff: Nathan L. Horton
TN Bar # 025468
Telephone 1-866-428-8102
Attorney for Defendant: _____
Telephone _____

FILED 2010 JUN 17 A 11:02
KNOX COUNTY
GENERAL SESSIONS COURT
CIVIL DIVISION

TPS TO SERVE

# AFFIDAVIT

State of Virginia
City of Norfolk ss.

I, the undersigned, <u>Yvette M. Stephen</u>, Custodian of Records, for Portfolio Recovery Associates, LLC hereby depose, affirm and state as follows:

1. I am competent to testify to the matters contained herein.

2. I am an authorized employee of Portfolio Recovery Associates, LLC, ("Account Assignee") which is doing business at Riverside Commerce Center, 120 Corporate Boulevard, Norfolk, Virginia, and I am authorized to make the statements, representations and averments herein, and do so based upon personal knowledge and a review of the business records of the Account Assignee and those account records transferred to Account Assignee from MBNA AMERICA BANK / BANK OF AMERICA("Account Seller"), which have become a part of and have integrated into Account Assignee's business records, in the ordinary course of business.

3. According to the business records, which are maintained in the ordinary course of business, the account, and all proceeds of the account are now owned by the Account Assignee, all of the Account Seller's interest in such account having been sold, assigned and transferred by the Account Seller on May 9, 2007. Further a review of the records reveals that the Account Assignee has been assigned all of the Account Seller's power and authority to do and perform all acts necessary for the settlement, satisfaction, compromise, collection or adjustment of said account, and the Account Seller has retained no further interest in said account or the proceeds thereof, for any purpose whatsoever.

4. According to the account records transferred to the Account Assignee from Account Seller, and maintained in the ordinary course of business by the Account Assignee, there was due and payable from JAMES A SIMMONS ("Debtor") to the Account Seller the sum of $4,081.31 with the respect of account number (************6456), as of May 9, 2007 with there being no known un-credited payments, counterclaims or offsets against the said debt as of the date of the sale.

5. According to the account records of said Account Assignee, after all known payments, counterclaims, and/or setoffs occurring subsequent to the date of sale, there is currently due and owing the sum of $4,081.31.

Portfolio Recovery Associates, LLC

*Yvette M. Stephen*
By: <u>Yvette M. Stephen</u>, Custodian of Records

Subscribed and sworn to before me on __10__ of __June__, 2010

_____
Notary Public

09-14664

Lashawn Saunders
Commonwealth of Virginia
Notary Public
Commission No. 7248770
My Commission Expires 03/31/2013

This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.



PORTFOLIO RECOVERY ASSOCIATES, LLC
140 Corporate Boulevard
Norfolk, Virginia 23502
Telephone: 1-866-428-8102
Fax: 1-757-518-0860

FILED
2010 JUN 17 A 11: 02
KNOX COUNTY
GENERAL SESSIONS COURT
CIVIL DIVISION

## Statement of Account

Account: ************6456
**JAMES A SIMMONS**

**Account Holder:**
JAMES A SIMMONS
517 E MEADECREST DR
KNOXVILLE TN 37923

| | |
|---|---|
| Consumer Account | Product Code: VISA |
| Issuer: | MBNA AMERICA BANK / BANK OF AMERICA |
| Assignee: | Portfolio Recovery Associates, LLC |
| Account Number: | ************6456 |
| Date Account Opened: | February 15, 2005 |
| Date of Last Payment: | August 23, 2006 |
| Date of Charge Off: | April 28, 2007 |
| Balance at Purchase: | $4,081.31 |
| Purchase Date: | May 9, 2007 |

**Balance at Purchase:**   $4,081.31

**Less Payments:**   $.00

**Balance Due:**   $4,081.31

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

Pleading Addendum

FILED
2010 JUN 17 A 11: 02

The terms and conditions governing the underlying claim(s) contains a mandatory arbitration clause that requires the parties to conduct arbitration through the National Arbitration Forum (NAF). As of the date of this complaint, the NAF and other nationally recognized arbitration organizations with similar procedures are unwilling to act as arbitrator; thus this claim is being filed in the above-captioned court. Plaintiff will, upon the request of the Defendant or direction from the Court, proceed to an alternative dispute resolution program.

This communication is from a debt collector is an attempt to collect a debt.

# National Arbitration Forum Barred From Credit Card And Consumer Arbitrations Under Agreement With Attorney General Swanson
*Swanson Also Wants Congress to Ban "Fine Print" Forced Arbitration Clauses*

Minnesota Attorney General Lori Swanson and the National Arbitration Forum, the country's largest administrator of credit card and consumer collections arbitrations, have reached an agreement that the company would get out of the business of arbitrating credit card and other consumer collection disputes.

"I am very pleased with the settlement. To consumers, the company said it was impartial, but behind the scenes, it worked alongside credit card companies to get them to put unfair arbitration clauses in the fine print of their contracts and to appoint the Forum as the arbitrator. Now the company is out of this business," said Swanson.

Swanson sued the National Arbitration Forum on Tuesday, alleging that the company--which is named as the arbitrator of consumer disputes in tens of millions of credit card agreements--hid from the public its extensive ties to the collection industry. The lawsuit alleged that the Forum told consumers and the public that it is independent and neutral, operates like an impartial court system, and is not affiliated with and does not take sides between the parties. The lawsuit alleged that the Forum worked behind the scenes, however, to convince credit card companies and other creditors to insert arbitration provisions in their customer agreements and then appoint the Forum to decide the disputes. The suit also alleged that the Forum has financial ties to the collection industry. The suit alleged that the company arbitrated 214,000 consumer arbitration claims in 2006, nearly 60 percent of which were filed by laws firms with which the Forum is linked through ties to a New York hedge fund.

Under the settlement, the National Arbitration Forum will, by the end of the week, stop accepting any new consumer arbitrations or in any manner participate in the processing or administering of new consumer arbitrations. The company will permanently stop administering arbitrations involving consumer debt, including credit cards, consumer loans, telecommunications, utilities, health care, and consumer leases.

Credit card companies, banks, retail lenders, and cell phone companies increasingly place—in the fine print of their consumer agreements—what are known as "mandatory predispute arbitration clauses." Through these clauses, the consumers waive, in advance, their right to have their day in court if a dispute arises. Instead, the consumer agrees—usually without knowing it—that any dispute will be resolved by an arbitrator selected by the credit card company or other creditor. Credit card companies are among the most prolific users of mandatory arbitration clauses. Just by keeping a credit card, the consumer agrees to the terms and conditions of the card, even if the arbitration provision was sent to the consumer after the card was issued. As a result of mandatory arbitration clauses, which appear in tens of millions of consumer agreements, hundreds of thousands of consumer disputes are resolved each year not by a judge or jury, but by a private arbitration system.

Swanson said that late this week she accepted an invitation from Congressman Dennis Kucinich, Chairman of the Congressional Committee on Oversight and Government Reform, to testify before the Committee this coming Wednesday in Washington, D.C. She said she will ask Congress to prohibit the use of mandatory pre-dispute arbitration clauses in consumer contracts.

"The playing field is tilted against the ordinary consumer when credit card companies bury unfair terms like forced arbitration clauses in fine print contracts. Congress should change that," said Swanson.

Swanson also announced that she sent a letter to the American Arbitration Association asking it to play a leadership role by ceasing to accept arbitration filings on consumer credit and collection matters arising out of mandatory pre-dispute arbitration clauses.

Swanson noted that the City of San Francisco is in litigation with the Forum and that other state Attorneys General have contacted her about these issues since the announcement of the lawsuit. "I am very pleased with the results of our lawsuit. It is good for consumers that this company will no longer be able to administer credit card and consumer debt collection arbitrations. I hope other jurisdictions will use whatever authority they have to look at other possible remedial relief in this area," said Swanson.

The settlement allows the Company to continue to arbitrate internet domain name disputes (which the company handles under an appointment from the Internet Corporation for Assigned Names and Numbers (ICANN)), personal injury protection claims (which the company performs under appointment and supervision under the New Jersey state government), and cargo disputes (which the company performs under rules established by the U.S. Department of Transportation). These areas were not part of the lawsuit, and the company performs the work under the supervision of government or non-government organizations (NGOs). Accordingly, the settlement does not affect this very limited activity.

# National Arbitration Forum to Cease Administering All Consumer Arbitrations in Response to Mounting Legal and Legislative Challenges

FILED 2009 JUL 7 A 11:02
KNOX COUNTY
GENERAL SESSIONS COURT
CIVIL DIVISION

MINNEAPOLIS, July 19, 2009

*American Consumers to Lose Affordable Access to Justice through Nation's Largest Administrator of Consumer Arbitration Disputes*

BusinessWire -- The National Arbitration Forum (FORUM), the largest U.S. administrator of consumer arbitrations, today announced that it will voluntarily cease to administer consumer arbitration disputes as of Friday, July 24, 2009, as part of a settlement agreement with the Minnesota Attorney General.

"The National Arbitration Forum remains committed to consumer arbitration as the best and most affordable option for consumers to resolve disputes quickly and efficiently. However, the FORUM lacks the necessary resources to defend against increasing challenges to arbitration on all fronts, including from state Attorneys General and the class action trial bar," said Forthright CEO Mike Kelly. "Mounting legal costs, a challenging economic climate, and increased legislative uncertainty surrounding the future of arbitration have prompted the FORUM to exit the consumer arbitration arena. At this time, the costs of providing consumer arbitration services far exceed the revenue generated. Until Congress resolves the legal and legislative uncertainty the cost is simply too high for users and providers of consumer arbitration."

Legislative proposals pending in both houses of Congress threaten to eliminate pre-dispute arbitration as an effective means of alternative dispute resolution. The Arbitration Fairness Act of 2009 (S. 931/H.R. 1020) would invalidate every pre-dispute contractual arbitration agreement that is part of a consumer, financial or franchise dispute – in effect, every contract. The Fairness in Nursing Home Arbitration Act (S. 512/H.R. 1237) would eliminate pre-dispute mandatory arbitration in all nursing home contracts. Legislation before the House to create a new Consumer Financial Protection Agency (H.R. 3126) addresses arbitration and would give broad regulatory authority to restrict or eliminate all consumer arbitrations.

"The National Arbitration Forum provides fair and affordable access to justice to American consumers regardless of size of their claims. Without access to arbitration, consumer disputes will now be forced into an overcrowded and underfunded legal system, where many consumers who cannot afford attorneys will have to navigate complex court procedures," continued Kelly. "The consequence to American consumers is that there will be no meaningful alternative to costly and unpredictable litigation."

Notably, nothing in the Minnesota Attorney General's complaint alleges that arbitration proceedings administered by the FORUM are unfair; the fairness of arbitration is ensured by the independence of the neutral arbitrators.

National Arbitration Forum consumer arbitration claims are decided by an independent panel of more than 1,600 highly experienced and impartial legal professionals, including former judges and experienced attorneys. FORUM neutrals are bound to a code of professional ethics, and decide cases outside of any influence from the FORUM or the other parties.

About the National Arbitration Forum (FORUM)
Founded in 1986, the National Arbitration Forum (FORUM) is a world leader in arbitration and mediation services. The FORUM provides accessible civil justice through the recruitment, selection, and management of a highly experienced and distinguished panel of over 1,600 former judges and seasoned lawyers. Now

optimized by Forthright, the FORUM is the faster, lower cost, and superior alternative to litigation, that ensures parties receive the same outcomes they would in court. www.adrforum.com

Media Contact
Brian Kaminski
202-429-4942
briankaminski@rational360.com

FILED

2010 JUN 17 A 11:02

KNOX COUNTY
GENERAL SESSIONS COURT
CIVIL DIVISION