IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES A. SIMMONS,<br><br>Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES LLC and YVETTE M. STEPHEN,<br><br>Defendant. | CIVIL ACTION NO.<br>3:11-cv-00280 |

## DEFENDANTS MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**COME NOW** defendants Portfolio Recovery Associates, LLC ("PRA") and Yvette M. Stephen ("Ms. Stephen"), by and through its undersigned counsel, and hereby submit this memorandum of law in support of their Motion to Dismiss (the "Motion") plaintiff James A. Simmons' ("Plaintiff") complaint (the "Complaint"). In support of their Motion, Defendants state as follows:

## I. INTRODUCTION

Plaintiff's Complaint must be dismissed in its entirety. Plaintiff's Complaint purports to assert a claim against Defendants for alleged violations of the Fair Debt Collection Practices Act ("FDCPA") based on alleged the Civil Warrant and supporting affidavit filed by PRA in its ongoing collection action against Plaintiff. While Plaintiff's Complaint is chock-full of legal conclusions and guesses, it

appears that Plaintiff's theory is that the civil warrant and supporting affidavit violate the FDCPA because Defendants did not have a copy of the written contract between Plaintiff and the original creditor at the time the Collection Lawsuit was filed. However, it is well-settled that the absence of such proof at the time a lawsuit is filed is not a violation of the FDCPA. *See Heintz v. Jenkins*, 514 U.S. 291, 295-96 (1995); *see also Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324, 331 (6th Cir. 2006).

Equally fatal to Plaintiff's Complaint is that it fails to include any factual allegations to support his FDCPA claims. Plaintiff's Complaint contends that Defendants violated §§ 1692e and 1692f of the FDCPA because the amount of damages PRA is seeking includes amounts not permitted on unwritten contracts in Tennessee. [Doc. 1, ¶¶ 44-57.] Noticeably absent from Plaintiff's Complaint, however, is **any allegation that Plaintiff did not enter into a written contract with the original creditor** MBNA / Bank of America ("MBNA") that authorizes PRA to collect the contested amounts. Without such an allegation, Plaintiff can only allege that that PRA did not have a copy of that contract at the time it filed suit and, as discussed above, this allegation is insufficient to support an FDCPA claim.

Plaintiff also false to allege an facts that could support a misrepresentation. For example, Plaintiff makes bland complaints about the affidavit executed by

PRA employee Yvette M. Stephen ("Stephen") -- which was attached to PRA's state court lawsuit -- but fails to set forth facts demonstrating that the allegations in the affidavit are "false, deceptive, or misleading." Instead, Plaintiff's broad proclamations about the falsity of the affidavit, without allegations of specific facts of what is false, deceptive or misleading, are only legal conclusions, which are not entitled to the presumption of truthfulness at the dismissal stage. As such, Plaintiff's Complaint must be dismissed in its entirety.

## II. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND.

On June 17, 2011, Plaintiff initiated this lawsuit by filing a complaint against PRA and Ms. Stephen in this Court. [*See, e.g.,* Doc. 1, Complaint.] Despite containing 16 pages and 66 paragraphs, the facts alleged in Plaintiff's Complaint are relatively straightforward and Plaintiff asserts only a single cause of action, for a violation of the FDCPA. [*Id.*]

Plaintiff alleges that sometime before June 17, 2010, PRA obtained the rights to collect on a credit card debt that was allegedly owed to MBNA by Plaintiff, in the approximate amount of $4,081.31. [*Id.*, ¶ 10.] Plaintiff alleges that on or about June 17, 2010 PRA filed a Civil Warrant and Affidavit against Plaintiff in the General Sessions Court of Knox County, Tennessee (the "state court lawsuit") to collect on the debt allegedly owed by Plaintiff. [*Id.*, ¶ 13.] Plaintiff alleges that in the Civil Warrant, PRA attempted to collect interest on the account.

[*Id.*, ¶ 27.] Plaintiff states that "[PRA] did not have a copy of the written contract signed by Plaintiff prior to the preparation, filing, and serving [of] the Civil Warrant," and thus, PRA was not authorized under Tennessee law to collect interest above 10% or attorney's fees without a written contract. [*Id.*, ¶ 21-22.]

Plaintiff also alleges that an Affidavit executed by Ms. Stephen was filed with the Civil Warrant. [*See id.*, ¶ 32; Doc. 1-1, Affidavit of Yvette Stephen.] Plaintiff alleges that Ms. Stephen "did not review any records of the originator of the debt or make any effort to determine if there was a contract signed by Plaintiff and, if so, whether the amount of the debt as to principal, interest, late fees or other fees . . . was owed by Plaintiff . . . ."[1] [*Id.*, ¶¶ 34-35.]

### III. **STANDARD OF REVIEW**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted if Plaintiff has failed to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). In order to state a claim for relief, the Federal

---

[1] This Court should note that a judgment was rendered in favor of PRA in the state court lawsuit and that case is currently being appealed by Plaintiff to the Circuit Court of Knox County, Tennessee.

Rules of Civil Procedure state that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The U.S. Supreme Court explained that the purpose of Rule 8(a)(2) was to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). While factual allegations do not have to be detailed, they must contain more than "labels and conclusions;" a formulaic recitation of the elements of a cause will not do. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

The Supreme Court has recently stated that Rule 8 demands more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted). A plaintiff must "nudge[ his] claims across the line from conceivable to plausible, [otherwise, his] complaint must be dismissed." *Twombly*, 550 U.S. at 570. Finally, "[a]lthough material allegations in the complaint must be accepted as true and construed in the light most favorable to the nonmoving party, a court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn

from the facts alleged." *Doe v. Univ. of the S.*, 687 F. Supp. 2d 744, 751 (E.D. Tenn. 2009).

## IV. ARGUMENT

### A. Plaintiff's Complaint Fails To State an FDCPA Claim Related to Either the Civil Warrant or Affidavit

Plaintiff's Complaint lacks the substance necessary to survive a motion to dismiss for failure to state a claim for relief. It is undisputed that federal law sets forth a floor of acceptability beneath which no complaint may travel and makes clear that pleading requires more than conclusory allegations. *See Twombly*, 550 U.S. at 556; *see also Iqbal*, 129 S.Ct. at 1945-50. Plaintiff's problem is not a lack of words, but rather his lack of any specific factual allegations. Plaintiff's Complaint is a compilation of repeated statutory language, case law and guesses stated "on information and belief," but does not contain factual allegations sufficient to support his FDCPA claim. Plaintiff's problem is that he must allege facts showing violations of the FDCPA, not just legal conclusions and guesses, and that those facts must demonstrate a "plausible" chance of success. *See Twombly*, 550 U.S. at 556.

When applying *Twombly's* plausibility standard, the Supreme Court in *Iqbal* stated that two principles informed the plausibility decision: (1) "[T]he tenet that a court must accept as true all of the allegations contained in the complaint is **inapplicable to legal conclusions**[]" and "[d]oes not unlock the doors of discovery

for a plaintiff armed with nothing more than legal conclusions[];" and (2) "only a complaint that states a plausible claim for relief survives a motion to dismiss," a determination involving "[a] context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1949-50 emphasis added). Plaintiff's Complaint suffers with regard to the first tenet.

### 1. Plaintiff's Factual Allegations.

Boiling Plaintiff's Complaint down to only its genuine factual allegations reveals its deficiencies. The actual "factual allegations" of Plaintiff's Complaint are as follows:

- Plaintiff allegedly incurred a debt with MBNA in the amount of $4,081.31 and that the debt was transferred to PRA for collection, [*see* Doc. 1, ¶¶ 10-11.];

- PRA filed a lawsuit against Plaintiff in the General Sessions Court of Knox County, Tennessee, supported by an affidavit from Ms. Stephen, and requested $4,081.31, plus prejudgment interest from time of assignment, costs and post judgment interest. [*See id.*, ¶¶ 17.]

Plaintiff's Complaint then contains several assumptions that pose as factual allegations, including Plaintiff's averment that, "on information and belief," PRA filed the lawsuit without having "a copy of the written contract signed by Plaintiff," [*see id.*, 21], and that Ms. Stephen does not have personal knowledge regarding the statements in her affidavit. [*See id.*, ¶ 38.] As shown below, this limited set of factual allegations cannot form the basis of an FDCPA claim.

### 2. Not Having The Immediate Means to Prove the Debt When Filing a Collection Suit Does Not Constitute an FDCPA Violation.

First and foremost, federal courts have been perfectly clear that a debt collector does not violate the FDCPA by filing a state court action without the immediate ability to prove the debt at issue. These holdings began with the U.S. Supreme Court's decision in *Heintz v. Jenkins*, where the Court stated, "we do not see how the fact that a [state court collection] lawsuit turns out ultimately to be unsuccessful could, by itself, make the bringing of it an 'action that cannot legally be taken.'" 514 U.S. 291, 295-96 (1995). Other courts have echoed this principle, including the Sixth Circuit Court of Appeals in *Harvey v. Great Seneca Financial Corp.*, in which the defendant brought a collection suit in state court "**without the immediate means of proving the debt owed**." 453 F.3d 324, 331 (6th Cir. 2006) (emphasis added). The court stated:

> Even when viewed from the perspective of an unsophisticated consumer, **the filing of a debt-collection lawsuit without the immediate means of proving the debt does not have the natural consequence of harassing, abusing, or oppressing a debtor**. Any attempt to collect a defaulted debt will be unwanted by the debtor, but employing the court system in the way alleged by [the plaintiff] cannot be said to be an abusive tactic under the FDCPA.

*Id.* at 331-32 (emphasis added); *see also Nickoloff v. Wolpoff & Abramson, L.L.P.*, 511 F. Supp. 2d 1043, 1045 (C.D. Cal. 2007) (holding that the plaintiff could "prove no set of facts that would entitle him to relief" when he alleged only that the

defendants "did not possess adequate proof of the debt at the time that they delivered the arbitration claim"); *Clark v. Unifund CCR Partners*, No. 07-cv-0266, 2007 WL 1258113, at *3-4 (W.D. Pa. Apr. 30, 2007) (holding that in a state court lawsuit, failure to submit evidence that a debt is owed is insufficient to make out a claim under the FDCPA as a matter of law); *Deere v. Javitch, Block & Rathbone*, 413 F. Supp. 2d 886, 890-91 (S.D. Ohio 2006) (similar proposition). Thus, Plaintiff's allegations regarding whether PRA had the contract at the time of filing its state court lawsuit are irrelevant.

> **3. Plaintiff Fails to Allege that a Contract Did Not Exist Permitting Defendants to Collect Contractual Interest or Attorney's Fees.**

In his Complaint, Plaintiff cites to the cases of *Discover Bank v. Henson*, No. M2007-02749-COA-R3-CV, 2008 WL 5272530, at *3 (Tenn. Ct. App. Dec. 18, 2008) and *Holcomb v. Cagle*, 277 S.W.3d 393, 397-98 (Tenn. Ct. App. 2008) to support his belief that PRA misrepresented the amount of the debt owed because he believes that amount of the debt assigned to PRA included a contract rate of interest. [*See* Doc. 1, ¶ 22.] However, *Henson* and *Cagle* merely stand for the proposition that to recover a contract rate of interest or attorney's fees in Tennessee state court, the plaintiff must have a written contract permitting collection of same. **Plaintiff alleges absolutely no facts indicating that such a written contract does not exist.** Instead, Plaintiff relies on his averment that PRA filed the state

court lawsuit and "did not have a copy of the written contract signed by Plaintiff prior to the preparation, filing, and serving [of] the Civil Warrant." [*Id.*, ¶ 21.] The problem with this argument is clear: Plaintiff is not stating that PRA was attempting to collect an amount it was not authorized to collect, but rather, Plaintiff simply alleges that PRA did not have a copy of the written contract to determine if it was authorized to collect a debt, a theory specifically rejected by *Heintz* and its progeny. As stated by the Sixth Circuit, and explained above, the failure to provide evidence to prove a debt is not a violation of the FDCPA. *See Harvey*, 453 F. 3d at 331. Thus, without an allegation that a written contract does not actually exist, Plaintiff's claim that the Civil Warrant violated the FDCPA must be dismissed.

### 4. Plaintiff Fails To Allege Facts Demonstrating that Ms. Stephen executed, and PRA filed, a "False Affidavit."

Finally, Plaintiff fails to allege facts sufficient to demonstrate that PRA filed a false affidavit. In support of his argument that PRA filed a false affidavit, Plaintiff will likely rely on the misunderstood decision *Midland Funding, LLC v. Brent*, 644 F. Supp. 2d 961, 970 (N.D. Ohio 2009). However, the affidavit at issue in *Brent* is completely different from the affidavit attached to Plaintiff's Complaint. Importantly, in the *Brent* case the affiant claimed personal knowledge regarding business dealings with the consumer and the way in which the defendant hired attorneys. *Id.* at 967-68. The *Brent* court concluded that the affiant did not have

personal knowledge of either, but stated that a valid affidavit could be based "on the accuracy of the records kept and the accuracy of the data." *Id.* at 969.

In the instant case, the affidavit at issue is quoted and attached to Plaintiff's original Complaint, [*see* Doc. 1-1], and a review of the affidavit makes clear that it is simply based upon the accuracy of records kept by PRA. The affidavit of Ms. Stephen contains the following statements:

- "I am an authorized employee of [PRA] ("Account Assignee") . . . and I am authorized to make the statements, representations and averments herein, and do so based upon personal knowledge and a review of the business records of the Account Assignee and those account records transferred to Account Assignee from [MBNA] ("Account Seller"), which have become a part of and have integrated into Account Assignee's business records, in the ordinary course of business." [*See* Doc. 1-1, ¶ 2.]

- "According to the business records, which are maintained in the ordinary course of business . . . ." [*See id.*, ¶ 3.]

- "Further, a review of the records reveals . . . ." [*See id.*, ¶ 3.]

- "According to the account records transferred to the Account Assignee from Account Seller, and maintained in the ordinary course of business . . . ." [*See id.*, ¶ 4.]

- "According to the account records of said Account Assignee . . . ." [*See id.*, ¶ 5.]

Despite these clear passages, Plaintiff's Complaint misconstrues the affidavit, stating that "[Ms.] Stephen did not review any records of the originator of the debt." [*See* Doc. 1, ¶ 34.] However, the quoted passages from the affidavit are

clear that the affiant only testified that he reviewed PRA's own records, not the records of the originator.

The statements in Ms. Stephen's affidavit are much closer to the affidavit that was declared permissible in *Myers v. Asset Acceptance, LLC*, --- F. Supp. 2d ----, 2010 WL 3522470, at *3 (S.D. Ohio Sept. 7, 2010). In *Myers*, the affiant submitted information verifying the debt information based upon the affiant's review of the debt collector's own records. *Id.* at *2. The court stated that the review of the debt collector's records permitted the affiant "to state that the debt information is accurate and correct." *Id.* The Court noted that there was no evidence that the records supporting the existence of the debt were incorrect. Similarly, in the instant case, Plaintiff does not allege specific facts demonstrating that PRA's records are incorrect. Rather, Plaintiff attempts to survive dismissal by blandly contending that Ms. Stephen does not have personal knowledge and without providing specific facts as to why the affidavit is false. This is insufficient.

As a result, Plaintiff has failed to explain which statements in the affidavit are false. The *Iqbal* and *Twombly* decisions require more than a simple allegation that the affidavit is false, and require Plaintiff to plead specific facts explaining the false provisions. These facts are wholly absent from Plaintiff's Complaint and require the Complaint's dismissal.

## V. CONCLUSION

Based on the foregoing, and the contents of the Motion filed contemporaneously herewith, Plaintiff's Complaint is due to be dismissed, with prejudice, for failure to state a claim upon which relief can be granted.

**WHEREFORE, PREMISES CONSIDERED**, Defendants respectfully request that this Court enter an order dismissing Plaintiff's Complaint, with prejudice.

Respectfully submitted,

*s/ R. Frank Springfield*
R. Frank Springfield (BPR # 025833)
James A. Haltom (BPR # 028495)

BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
fspringf@burr.com

BURR & FORMAN, LLP
700 Two American Center
3102 West End Ave.
Nashville, TN 37203
Telephone: (615) 724-3237
Facsimile: (615) 724-3337
jhaltom@burr.com

Attorneys for Defendant
PORTFOLIO RECOVERY ASSOCIATES, LLC
AND YVETTE M. STEPHEN

**CERTIFICATE OF SERVICE**

  I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 9th day of August, 2011:

Alan C. Lee
P. O. Box 1357
Morristown, TN 37816-1357
Telephone: (423) 736-0201
Facsimile: (423) 370-1441
info@alanlee.com

          *s/ R. Frank Springfield*
          OF COUNSEL

14
Case 3:11-cv-00280   Document 6   Filed 08/09/11   Page 14 of 14   PageID #: 51