IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES A. SIMMONS, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> ) <br> PORTFOLIO RECOVERY ) <br> ASSOCIATES LLC and YVETTE M. ) <br> STEPHEN, ) <br> ) <br> Defendant. ) | CIVIL ACTION NO. <br> 3:11-cv-00280 |

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

**COMES NOW** defendants Portfolio Recovery Associates, LLC ("PRA") and Yvette M. Stephen ("Stephen") (collectively, "Defendants"), by and through their undersigned counsel, and hereby submit this reply memorandum in support of their Motion to Dismiss. In further support of their Motion, Defendants state as follows:

### I. ARGUMENT

Despite Plaintiff's attempts to the contrary, his opposition to Defendants' Motion to Dismiss, [*see, e.g,* Doc. 8, Plaintiff's Opposition to Motion to Dismiss], does nothing to rehabilitate his Fair Debt Collection Practices Act ("FDCPA") claim. What Plaintiff's opposition does do is confuse the issues before this Court in an effort to survive dismissal. Defendants now file this reply brief to clarify the

issues presented and further explain why the complaint ("Complaint") filed by Plaintiff on June 17, 2011 is due to be dismissed.

As set forth below, Plaintiff's FDCPA claim is founded on two primary allegations: (1) that PRA filed a "false" civil warrant in state court against Plaintiff in an attempt to collect a debt that it could not prove; and (2) that PRA attached a "false" affidavit to its civil warrant. [*See, e.g.*, Doc. 1, Complaint.] As Defendants explain, each of these claims is meritless and Plaintiff has failed to state sufficient facts to survive dismissal.

### A. Plaintiff Has Failed to Adequately Allege that PRA's Filing of the Civil Warrant Violates the FDCPA.

Plaintiff's FDCPA claim related to PRA's filing of the civil warrant and state court lawsuit fails because Plaintiff has not alleged any facts demonstrating that the civil warrant is "false," or that PRA instituted its lawsuit to collect on a debt that was not legally viable. As explained below, Plaintiff's Complaint does not allege that PRA violated the FDCPA, but merely that PRA took actions that had the potential to violate the FDCPA. This is insufficient for him to state a claim for relief.

In order to clearly set forth the issues before the Court, it is necessary to look again at Plaintiff's Complaint, which contains, *inter alia*, the following allegations regarding PRA's civil warrant and lawsuit:

2

- "On December 14, 2010, Plaintiff James A. Simmons filed a Sworn Denial in the state court collection lawsuit stating that he had not entered into any agreement with Defendant [PRA] for the repayment of debt or otherwise." [*See* Doc. 1, ¶ 14.]

- "Defendant [PRA] did not have a copy of the written contract signed by Plaintiff prior to the preparation, filing, and serving the Civil Warrant on Plaintiff, and, almost a year after the filing of the lawsuit, have still not provided a copy to Plaintiff" [*See* Doc. 1, ¶ 21.]

- "Defendant [PRA] intentionally made a business decision not to obtain and review a copy of the written contract signed by Plaintiff or other evidence of the alleged debt prior to filing the Civil Warrant to determine if Defendant [PRA] was entitled to the amount of debt claimed as owed in the Civil Warrant or whether Plaintiff actually owed the debt at all, but to rely on other parties for this information." [*See* Doc. 1, ¶ 25.]

- "Defendant [PRA]'s business decision to rely entirely on MBNA or an assignee of MBNA's as to the amount of the debt allegedly owed by Plaintiff or the fact that Plaintiff owed the debt at all without reviewing a copy of the written contract signed by Plaintiff or other evidence of the alleged debt was not a procedure reasonably adapted to avoid using a deceptive or misleading representation or means in connection with collection of the debt." [*See* Doc. 1, ¶ 26.]

Plaintiff's opposition repeats many of these allegations and attempts to clarify them, [s*ee* Doc. 8, pp. 15-16.], but continues to make the same bland statements that are nothing more than legal conclusions.

First, PRA notes that Plaintiff's statement about not entering into a contract directly with PRA is simply a red herring. Plaintiff alleges that his sworn denial in the state court lawsuit stated that "he had not entered into any agreement with Defendant [PRA] for the repayment of debt or otherwise." [*See* Doc. 1, ¶ 14.] This statement is inapposite to any determination of FDCPA liability because

3

under Tennessee law, an assignee of a contract is entitled to collect from an obligor and does not have to establish an independent contractual relationship between the assignee and the obligor. *See Collier v. Greenbrier Developers, LLC*, --- S.W.3d ----, 2009 WL 1026025, at *5 (Tenn. Ct. App. Apr. 16, 2009) ("Following an effective assignment, it is well settled that the assignee stands in the shoes of the assignor and has all the rights, and subject to all the obligations, of the assignor.") (citing *Pers. Loan & Fin. Co. v. Kinnin*, 408 S.W.2d 662 (Tenn. Ct. App. 1966)). These statements by Plaintiff are evidence of his attempts to play fast and loose with the allegations in this case and confuse the issues before the Court.

More importantly, however, Plaintiff's allegations are insufficient because he has not stated **any** facts to support his allegation that the Civil Warrant filed by PRA is **actually false**. Plaintiff's Complaint contains numerous references to FDCPA statutory provisions, however, it is clear that Plaintiff's Complaint is primarily alleging that PRA violated 15 U.S.C. § 1692(e), which -- along with its various subparts -- prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e). Plaintiff suggests that the civil warrant is "false," however, Plaintiff does not allege that there is some miscalculation or inaccurate number or statement in the civil warrant. Instead, Plaintiff alleges that PRA violated the FDCPA by "intentionally making a business decision not to obtain the necessary

evidence in the form of a signed contract . . . to show that Plaintiff owed the [debt] . . . ." [*See* Doc. 15, p. 15.] Thus, Plaintiff is not stating that a contract does not exist, or that the civil warrant attempts to collect amounts not included in a contract, **only that PRA did not have the contract upon filing for suit**. This is a critical distinction, because Plaintiff's anemic allegations do not state a claim for relief.

As stated in PRA's Motion to Dismiss, and admitted by Plaintiff in his opposition, the "simple inability to prove present debt ownership at the time a collection action is filed **does not constitute a FDCPA violation**." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 331-33 (6th Cir. 2006); *see also Nickoloff v. Wolpoff & Abramson, LLP*, 511 F. Supp. 2d 1043, 1045 (C.D. Cal. 2007) (holding that the plaintiff could "prove no set of facts that would entitle him to relief" when he alleged only that the defendants "did not possess adequate proof of the debt at the time that they delivered the arbitration claim"); *Clark v. Unifund CCR Partners*, No. 07-cv-0266, 2007 WL 1257113, at *3-4 (W.D. Pa. Apr. 30, 2007) (holding that in a state court lawsuit, failure to submit evidence that a debt is owed is insufficient to make out a claim under the FDCPA as a matter of law); *Deere v. Javitch, Block & Rathbone*, 413 F. Supp. 2d 886, 890-91 (S.D. Ohio 2006) (similar proposition). The *Harvey* decision, which is binding precedent on this Court, presents Plaintiff with serious problems. Contrary to the statements in

5

Plaintiff's opposition, each of the factual allegations in his Complaint are, in reality, merely alleged facts to demonstrate that PRA had the inability to prove ownership at commencement of the litigation, which PRA is allowed to do and prove the debt at a later time.

This important distinction is why each of the cases cited by Plaintiff are inapposite. First, Plaintiff's opposition contains a block quote which contains string cites to a number of cases, [*see* Doc. 8, p. 16], for the proposition that "misrepresentations of the legal character of the debt owed constitute a false, misleading, or deceptive practice to the unsophisticated consumer under the FDPCA." *See Whittiker v. Deutsche Bank Nat. Trust Co.*, 605 F. Supp. 2d 914, 929-30 (N.D. Ohio 2009). These cases are obviously distinguishable, however, because each find that an FDCPA claim has been stated **when the validity of the underlying contract is questioned**, usually because of the expiration of a state's statute of limitations. *See Freyermuth v. Credit Bureau Services, Inc.*, 248 F.3d 767, 771 (8th Cir. 2001) (filing of lawsuit to collect a debt that is barred by the statute of limitations is false, misleading and deceptive); *Goins v. JBC & Assoc.*, 352 F. Supp. 2d 262, 272 (D. Conn. 2005) (letters threatening suit on time-barred debt is a misleading representation); *Shorty v. Capital One Bank*, 90 F. Supp. 2d 1330, 1331 (D.N.M. 2000) (filing a time-barred claim is deceptive practice because the debt cannot be pursued in court). The obvious difference in this case is that

6

Plaintiff has not questioned the validity of the underlying contract, but has instead simply stated that PRA did not have a copy of the contract. [*See* Doc. 8, p. 17.] This allegation does not support an FDCPA violation.

Finally, Plaintiff's reliance on *Delawader v. Platinum Fin. Servs. Corp.*, 443 F. Supp. 2d 942, 947 (S.D. Ohio 2005) is misplaced. The *Delawader* court permitted a plaintiff's FDCPA claims to survive based upon the defendant's filing of a state court collection lawsuit "while knowing that [the defendant] did not have means of proving the debt." *Id.* at 945. However, the *Delawader* court allowed the plaintiff to survive dismissal without specifying the state court complaint's deficiencies prior to the U.S. Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S.Ct. 1937, 1949 (2009). The *Delawader* court examined only the plaintiff's legal conclusions, something that would clearly be impermissible after *Iqbal* and *Twombly*. *See Iqbal*, 129 S.Ct. at 1949-50 ("[T]he tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions" and "[d]oes not unlock the doors of discovery for a plaintiff armed with nothing more than legal conclusions . . . .").

Therefore, it is clear that Plaintiff's opposition did not explain why his factually-deficient Complaint should survive dismissal. Plaintiff has not stated any facts that, if proven, would demonstrate PRA's inability to collect the debt that

7

supported PRA's state court lawsuit. Without such an allegation, Plaintiff cannot simply claim that the civil warrant filed to support the state court lawsuit was "false," and then hope to escape dismissal and pass on to the discovery stage of this litigation. As a result, Plaintiff's Amended Complaint should be dismissed.

### B. Plaintiff Has Failed to Adequately Allege that PRA's Filing of the Affidavit Violates the FDCPA.

For the same reasons that Plaintiff's FDCPA claim related to PRA's filing of the civil warrant is due to be dismissed, Plaintiff's claim regarding the alleged filing of a false affidavit with the civil warrant is also deficient and ripe for dismissal. Plaintiff's opposition does not make an attempt to describe any passages of the Affidavit of Yvette M. Stephen ("Ms. Stephen") that allegedly contain information about Plaintiff's account that is factually false. Instead, Plaintiff argues that Ms. Stephen does not have personal knowledge regarding the affidavits that she signed, but cites to absolutely no alleged facts that would support this contention.

For example, Plaintiff's opposition points to paragraph 1 of Ms. Stephen's affidavit, and Plaintiff states as follows:

> As in the *Brent* affidavit, *Brent* at 967, Stephen states in paragraph 1 of her affidavit that she makes the "statements herein based upon personal knowledge" . . . Although she states that her personal knowledge is based on the account records of Portfolio, she then states in the next couple of sentences in her affidavit that: Portfolio "is the current owner of, and/or successor to, the obligation sued upon, and was assigned all the rights, title and interest to defendant's MBNA

8

BANK NEVADA N.A. account . . . ." (all caps in original), and "I have access to and have reviewed the records pertaining to the account and am authorized to make this affidavit on [Portfolio's] behalf.

[*See* Doc. 8, p. 23.] Plaintiff attempts to support this theory by citing to *Midland Funding, LLC v. Brent*, 664 F. Supp. 2d 961 (N.D. Ohio 2009). However, what the *Iqbal* and *Twombly* decisions make clear is that Plaintiff cannot simply state that an affidavit is "false" without citing reasons for its falsity and that Rule 8(a)(2) does not "unlock the doors of discovery for a plaintiff armed with nothing more than legal conclusions . . . ." *See Iqbal*, 129 S.Ct. at 1949-50.

Plaintiff's FDCPA claim regarding Ms. Stephen's affidavit relies wholly on the *Brent* decision, and Plaintiff's reliance on this decision is misplaced. In *Brent*, the affiant stated: "I make the statements herein based upon my personal knowledge," with no further elaboration. *Brent*, 664 F. Supp. 2d at 963. In the instant case, Ms. Stephen's affidavit clearly states: "I am an authorized employee of [PRA] . . . and I am authorized to make statements, representations and averments herein, and do so based upon personal knowledge **and a review of the business records of the [PRA] and those account records transferred to [PRA] from MBNA AMERICA BANK / BANK OF AMERICA, which have become a part of and have integrated into [PRA]'s business records, in the ordinary course of business**." [*See* Doc. 1-1, p. 2 (emphasis added).]

9

This language is fundamentally different from the affidavit in *Brent* and explains why Plaintiff's FDCPA claim is deficient. The court in *Myers v. Asset Acceptance, LLC*, 750 F. Supp. 2d 864 (S.D. Ohio 2010), discussed an affidavit similar to this case, stating:

> [Affiant] did not state that his affidavit was based on personal knowledge, unlike the affiant in the distinguishable *Midland Funding LLC v. Brent*, 644 F. Supp. 2d 961 (N.D. Ohio 2009). In fact, rather than constituting the type of affidavit "base[d] . . . on false personal knowledge" that *Midland Funding* rejected, the [Affiant's] affidavit more likely epitomizes that case's recommended affidavit "base[d] . . . on the accuracy of the records kept and the accuracy of the data." *Id.* at 969. **There is no evidence before this Court that the records supporting the existence of the debt or the amount of the debt are incorrect** . . . .

*Id.* at 867.

The instant case much more analogous to *Myers* than *Brent*. As in *Myers*, Ms. Stephen's affidavit merely testifies to the content of PRA's account documents and business records, which *Brent* specifically found to be permissible. More importantly, in this case Plaintiff has submitted absolutely no factual allegations demonstrating that "the records supporting the existence of the debt or the amount of the debt are incorrect . . . ." *Id.*

Therefore, not only has the type of affidavit submitted in this case been deemed permissible by courts in this Circuit, but Plaintiff has submitted no facts which -- if true -- would demonstrate that the affidavit false. As a result, Plaintiff's FDCPA claim must be dismissed.

10

## II. CONCLUSION

Based on the foregoing, and the contents of Defendants' Motion to Dismiss and Memorandum of Law in Support Thereof, it is clear that Plaintiff has failed to state adequate facts that, if proven true, would state a valid FDCPA cause of action. As a result, Plaintiff's Complaint cannot stand and must be dismissed.

**WHEREFORE, PREMISES CONSIDERED**, for the reasons set forth above and fully articulated in Defendants' Motion to Dismiss and Memorandum of Law in Support Thereof, Defendants respectfully request that this Court enter an order dismissing Plaintiff's Complaint, with prejudice.

Respectfully submitted,

*s/ R. Frank Springfield*
R. Frank Springfield (BPR # 025833)
James A. Haltom (BPR # 028495)

BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
fspringf@burr.com

BURR & FORMAN, LLP
700 Two American Center
3102 West End Ave.
Nashville, TN 37203
Telephone: (615) 724-3237
Facsimile: (615) 724-3337
jhaltom@burr.com

Attorneys for Defendant
PORTFOLIO RECOVERY ASSOCIATES, LLC
AND YVETTE M. STEPHEN

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 12th day of September, 2011:

Alan C. Lee
P. O. Box 1357
Morristown, TN 37816-1357
Telephone: (423) 736-0201
Facsimile: (423) 370-1441
info@alanlee.com


*s/ R. Frank Springfield*
OF COUNSEL

12