UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES A. SIMMONS,       )<br>                              )<br>        Plaintiff,             )<br>                              )<br>v.                            )<br>                              )<br>PORTFOLIO RECOVERY ASSOCIATES, LLC, )<br>and YVETTE M. STEPHEN,        )<br>                              )<br>        Defendants.           ) | No.:  3:11-CV-280<br>        (VARLAN/SHIRLEY) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff, James A. Simmons, has brought this civil action against defendants, Portfolio Recovery Associates, LLC ("PRA") and Yvette M. Stephen ("Ms. Stephen"), alleging violations of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. §§ 1692, *et seq.*  Pending before the Court is defendants' Motion to Dismiss Plaintiff's Complaint, pursuant to Rule 8(a) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has filed a response in opposition [Doc. 8], and defendants have filed a reply [Doc. 9]. The Court has carefully considered the pending motion and the responsive pleadings in light of plaintiff's complaint [Doc. 1] and the controlling law. For the reasons set forth herein, defendants' motion to dismiss will be denied.

**I.    Relevant Facts**

Sometime before June 17, 2010, PRA obtained the right to collect on a debt due on a credit card account owed by plaintiff to MBNA/ Bank of America ("MBNA") in the amount of $4,081.31, plus prejudgment interest, costs, and post-judgment interest [Doc. 1,

¶¶ 10-11]. On or about June 17, 2010, PRA filed a civil warrant and affidavit, executed by Ms. Stephen, in the General Sessions Court of Knox County (the "state court lawsuit") to collect on that debt [*Id.*, ¶ 13]. Plaintiff filed a sworn denial in the state court lawsuit stating that he had not entered into an agreement with PRA for the repayment of the debt or otherwise [*Id.*, ¶ 14]. In March of 2011, judgment in the state court lawsuit was entered in favor of PRA [Doc. 8, p. 3]. Plaintiff appealed that judgment to the Circuit Court of Knox County [*Id.*].

Plaintiff initiated the above-captioned case by filing a complaint against defendants alleging violations of the FDCPA. Plaintiff alleges that defendants did not have a copy of a written contract or other documentation underlying the amount of the debt as alleged in the state court lawsuit. Plaintiff alleges that prior to filing the state court lawsuit, PRA made an intentional business decision not to obtain a copy of the written contract or other evidence of the alleged debt, therefore falsely representing the character, amount, and legal status of the debt. Plaintiff also alleges that in executing the affidavit filed in the state court lawsuit, Ms. Stephen did not have any personal knowledge of the statements she made in the affidavit, did not review any records of the debt originator, and did not make any effort to determine if there was a contract signed by plaintiff or if he actually owed the amount alleged in the civil warrant. Plaintiff alleges that this conduct involves a false representation of the character, amount, or legal status of a debt in connection with a collection or an attempt to collect a debt. Plaintiff also alleges that defendants engaged in false, deceptive, or misleading means in connection with the collection of the debt and engaged in a pattern and

2

practice of filing lawsuits using false affidavits and in doing so, attempted to collect amounts not expressly authorized by the agreement creating the debt or permitted by law. Last, plaintiff alleges that defendants acted unfairly or unconscionably in attempting to collect the debt.

## II. Standard of Review – Rule 8(a) and Rule 12(b)(6)

Defendants have moved to dismiss plaintiff's claims pursuant to Rule 8(a) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 8(a)(2) sets out a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 66, 129 S. Ct. 1937, 1949 (2009).

A party may move to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). In order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must contain allegations supporting all material elements of the claims. *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and must be construed most favorably toward the non-movant. *Trzebuckowski*, 319

F.3d at 855. Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. A formulaic recitation of the elements of a cause of action will not do. *Id.* Nor will an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1937. A pleading must instead "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

**III.   Analysis**

The FDCPA was passed to eliminate "abusive, deceptive, and unfair debt collection practices." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (citing 15 U.S.C. § 1692(a)). Courts use the "least sophisticated consumer" standard, an objective test, when assessing whether particular conduct violates the FDCPA. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006). The least sophisticated consumer test is objective and is designed "to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 438 (6th Cir. 2008) (quotations and citation omitted).

Plaintiff alleges that defendants violated §§ 1692e(2)(A), (8), (10) and § 1692f of the FDCPA. Section 1692e generally forbids a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Subpart (10) echoes this language, as it prohibits "[t]he use of any false

4

representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id.* § 1692e(10). Subpart (2)(A) prohibits the false representation of the character, amount or legal status of any debt. *Id.* § 1692e(2)(A). Subpart (8) prohibits communicating or threatening to communicate to any person credit information which is known or which should be known to be false. *Id.* § 1692e(8). Section 1692f prohibits the use of any "unfair or unconscionable means to collect or attempt to collect any debt." *Id.* § 1692f.

Defendants assert that plaintiff's complaint fails to state factual allegations sufficient to meet the standards for pleadings articulated in *Twombly* and *Iqbal*. Defendants assert that plaintiff has essentially alleged that PRA did not have the written contract or written documents sufficient to establish the debt at the time it filed the state court lawsuit. Defendants point out that from the perspective of an unsophisticated consumer, even the mere "filing of a debt-collection lawsuit without the immediate means of proving the debt does not have the natural consequence of harassing, abusing, or oppressing a debtor. . . . [and] employing the court system in [this] . . . way . . . cannot be said to be an abusive tactic under the FDCPA." [Doc. 6, p. 8 (citing *Harvey*, 453 F.3d at 331-32 and *Deere v. Javitch, Block & Rathbone LLP*, 413 F. Supp. 2d 886, 890-91 (S.D. Ohio. 2006))]. Defendants assert that while plaintiff may suggest in his allegations that the civil warrant and affidavit are "false," and that Ms. Stephen, who executed the affidavit, lacked personal knowledge of the debt, plaintiff has not alleged that the underlying debt does not exist, that the state court lawsuit has attempted to collect amounts not included in the underlying debt, or that there are

5

miscalculations or inaccurate numbers or statements in the civil warrant or affidavit [Doc. 9, pp. 4-6]. Thus, defendants assert, plaintiff's complaint lacks the factual allegations necessary to survive a motion to dismiss for failure to state a claim for a violation of the FDCPA.

Under *Harvey* and *Deere*, a plaintiff has not satisfactorily pled a FDCPA violation against a defendant similarly situated to PRA[1] where the plaintiff alleges only that the defendant filed a lawsuit to collect on a debt without the knowledge or means of proving the debt's validity. In *Harvey*, the plaintiff alleged that the defendant violated §§ 1692d and 1692e(10) by filing a lawsuit to collect a purported debt without the immediate means of proving the existence of the debt, the amount, or that the plaintiff owed the debt. 453 F.3d at 326, 329. The plaintiff further contended that the filing of the state court collection action by the defendant, knowing that it had "no documentation" to prove the debt, constituted a deceptive, unfair, and unconscionable debt-collection practice. *Id.* The *Harvey* court noted that the plaintiff never denied "that she owed [the defendant] a debt, nor did [the plaintiff] claim that [the defendant] misstated or misrepresented the amount that [the plaintiff] owed." *Id.* at 332. The *Harvey* court found these allegations, which "do not allege that [the defendants] made 'false representations' or used means that were 'deceptive' in the traditional sense[,]" were insufficient to state a claim for a violation of the FDCPA. *Id.*

---

[1]The defendant is an entity that purchases third party debt information from original creditors, then files a lawsuit against a debtor to collect the debt without first verifying the debt's amount and validity.

6

*Deere* involved essentially identical allegations to those at issue in *Harvey*, that is, that the defendant filed a collection complaint against the plaintiff to collect on a purported debt without the means of proving the existence of the debt, the amount of the debt, or that the defendant owned the debt. 413 F. Supp. 2d at 888, 890. The district court in *Deere* found the complaint to bear a "striking resemblance" to the complaint in *Harvey*, noted that the plaintiff had not brought a false representation allegation, and granted the defendant's motion to dismiss. *Id.* at 890.

Post-*Harvey*, however, one district court has held that it may be a FDCPA violation where a debt collector sues a debtor in bad faith, or where the debt collector "knew or should have known" that the affidavits supporting the lawsuit were false or that the affiant "lacked personal knowledge" of the matters to which he or she attested. *Williams v. Javitch, Block & Rathbone, LLP*, 480 F. Supp. 2d 1016, 1022 (S.D. Ohio 2007). The plaintiff in *Williams* also alleged that the defendants filed "many hundreds" of collection lawsuits each year, that, on "information and belief," the defendants filed most if not all of their complaints without having access to documents they would need to check the truth and accuracy of the affidavits, and that the defendants knew the affiants lacked personal knowledge of their statements. *Id.* at 1019-20. In denying the defendant's motion to dismiss, the district court distinguished *Harvey* and *Deere*, explaining as follows:

> [Plaintiff] essentially alleges that [defendant's] "pattern and practice" is to prepare and file debt collection complaints attaching affidavits from creditors whose knowledge of the specifics of the original debt is limited or non-existent. The fact of the very high rate of default judgments entered in such collection actions creates a disincentive to

7

> "check the truth and accuracy" of its pleadings or its client's affidavits. In the few cases in which a debtor answers the complaint, or seeks discovery, [defendant] dismisses the lawsuit without prejudice.
>
> . . . .
>
> [Plaintiff's] Amended Complaint goes some steps beyond the alternate theory described in *Deere*. [Plaintiff] alleges that [defendant] knew or should have known that the "account specialist" who executed the affidavit lacked personal knowledge of the matters she was attesting to in that affidavit. This alleges more than a lack of an adequate "paper trail" in the hands of the attorney, which this Court found insufficient to state a claim in *Deere*.

*Id.* at 1022; *see also Delawder v. Platinum Fin. Serv. Corp.*, 443 F. Supp. 2d 942 (S.D. Ohio 2005) (denying the defendant's motion to dismiss and noting that the plaintiff had alleged that an affidavit attached to the debt collector's complaint misrepresented the amount of the debt collector's claim); *Kuria v. Palisades Acquisition XVI, LLC*, 752 F. Supp. 2d 1293 (N.D. Ga. 2010) (denying the defendant's motion to dismiss and finding the plaintiff's allegations similar to those at issue in *Williams*, including the allegation of a "pattern and practice of abusive, scattershot litigation to collect debts").[2]

Similar to the plaintiffs' allegations in *Harvey* and *Deere*, plaintiff in the instant case has alleged that PRA filed the state court lawsuit without reviewing the underlying contract

---

[2]Defendants argue that *Delawder* should not be relied upon by the Court because that case was decided prior to the United States Supreme Court's decisions in *Twombly* and *Iqbal*. The Court has kept in mind and is well aware of the change in the standard of review brought about by *Twombly* and *Iqbal*. However, given the similarity between the allegations of the plaintiff in *Delawder* and those of plaintiff in the instant case, the Court does not agree that *Twombly* and *Iqbal* render *Delawder* wholly inapplicable to the Court's analysis of plaintiff's allegations, The Court also notes that *Kuria* was decided subsequent to *Twombly* and *Iqbal* and expressly cites to those cases in its analysis.

8

or related documentation. This is essentially an allegation that PRA filed the state court lawsuit without the means of proving the existence, amount, and ownership of the debt. Under *Harvey*, these allegations are not sufficient to state a claim for a violation of the FDCPA. While defendants contend that *Harvey* should essentially end the Court's analysis, upon review, the Court finds the allegations at issue in *Harvey* and *Deere* not wholly analogous to plaintiff's allegations in this case. In *Harvey*, the plaintiff alleged that the act of filing a lawsuit without immediate proof constituted a false or deceptive debt collection practice under § 1692e(10). Finding plaintiff's allegations insufficient, the Sixth Circuit stressed that the plaintiff had never alleged that the state court complaint contained any allegations of a false representation. *See also Deere*, 413 F. Supp. 2d at 890-91. In the instant case, however, plaintiff has averred that "[PRA] intentionally used a deceptive and misleading misrepresentation in connection with collection of the debt as to the amount of debt allegedly owed by plaintiff and the fact that Plaintiff owed the alleged debt at all[]" [Doc. 1, ¶ 27]. Construed in the light most favorable to plaintiff, this is an allegation that the civil warrant in the state court lawsuit falsely represented the character, amount, or status of the debt and sought to collect amounts not authorized by an agreement. Furthermore, also similar to the allegations in *Williams* and *Kuria*, plaintiff alleges that PRA engages in a "pattern and practice of filing" similar lawsuits with false affidavits and that PRA uses virtually identical form affidavits alleging facts not in PRA's possession due to lack of proper information.

9

Similar to *Williams*, *Delawder*, and *Kuria*, plaintiff also alleges that the affidavit by Ms. Stephens contains false statements made without personal knowledge. While the Court agrees with defendants that plaintiff has not pointed to any specific statements in the affidavit about plaintiff's account or the debt that plaintiff alleges to be factually false, from the Court's review of *Williams*, *Delawder*, and *Kuria*, it does not appear that the plaintiffs in those cases provided more detailed factual allegations regarding the alleged falsity of the contents of those affidavits. Furthermore, *Myers v. Asset Acceptance LLC*, 750 F. Supp. 2d 864 (S.D. Ohio. 2010), the case relied upon by defendants in its argument that plaintiff's allegations of falsity are insufficient to survive a motion to dismiss, considered a similar affidavit in the context of a motion for summary judgment pursuant to Rule 56, not a motion to dismiss pursuant to Rules 8 and 12(b)(6).

Thus, while some of plaintiff's allegations in the instant case fall within the allegations held to be insufficient to state a claim in *Harvey* and *Deere*, in that the filing of a debt collection action alone does not violate the FDCPA, plaintiff's allegations that the state court lawsuit was supported by an affidavit that contained false or deceptive representations about the status or character of the underlying debt, and allegations of a pattern and practice of filing similar lawsuits—allegations which the Court must take as true and construe most favorably towards plaintiff—could be deemed "unfair or unconscionable" in violation of the FDCPA along the same line of *Williams*, *Delawder*, and *Kuria*. Taking the factual allegations in the complaint as a whole, the Court finds that if, accepted as true, the complaint states a claim that is plausible on its face and gives defendants "fair notice of

what the . . . claim is and the grounds upon which it rests.'" *Iqbal*, 129 S. Ct. 1961 (quoting *Twombly*, 550 U.S. at 555).

## IV.     Conclusion

For the reasons set forth herein, defendants' Motion to Dismiss [Doc. 8] is **DENIED**.

IT IS SO ORDERED.

                                          s/ Thomas A. Varlan
                                          UNITED STATES DISTRICT JUDGE